IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EDWARD WEST,

                Plaintiff,

v.

UNITED STATES OF AMERICA,

                Defendant.

OPINION & ORDER

16-cv-785-bbc[1]

---

Pro se plaintiff Edward West is a prisoner at the Federal Correctional Institution in Milan, Michigan. West alleges that, while he was confined at the Federal Correctional Institution in Oxford, Wisconsin, a dentist at the prison acted negligently by using an experimental drug on him that caused him to become infected him with HIV. He seeks monetary damages under the Federal Tort Claims Act.

West has made an initial partial payment of the filing fee, so his complaint is ready for screening under 28 U.S.C. § 1915(e)(2) and § 1915A. I conclude that West's allegations are too vague to satisfy federal pleading standards, but I will give him an opportunity to file an amended complaint that fixes the problems discussed in this order.

ANALYSIS

The Federal Tort Claims Act (FTCA) provides a remedy for individuals, including prisoners, seeking recovery for damages caused by the negligent or wrongful act of an employee of the federal government acting within scope of his employment. 28 U.S.C. §§

---

[1] Because Judge Crabb is on medical leave, I am issuing this order to prevent an undue delay in the progress of this case.

2671–2680; *Levin v. U.S.*, 133 S. Ct. 1224, 1228 (2013); *United States v. Muniz*, 374 U.S. 150, 150 (1963); *Keller v. United States*, 771 F.3d 1021, 1022-23 (7th Cir. 2014). Because a claim brought under the FTCA is governed by "the law of the place where the act or omission occurred," the substantive law of Wisconsin governs West's claim for medical negligence. 28 U.S.C. § 1346(b); *Gil v. Reed*, 381 F.3d 649, 658 (7th Cir. 2004); *Campbell v. United States*, 904 F.2d 1188, 1191 (7th Cir.1990). Thus, to prevail on his claim, West must show that a federal employee breached a duty owed to him and that the breach was a cause of his injuries. *Gil*, 381 F.3d at 658; *Paul v. Skemp*, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 625 N.W.2d 860, 865 (2001).

To state a claim upon which relief may be granted, a plaintiff must show that "it is plausible, rather than merely speculative, that he is entitled to relief." *Windy City Metal Fabricators & Supply, Inc. v. CIT Technical Financing Services, Inc.*, 536 F.3d 663, 667-68 (7th Cir. 2008). Although a court considering the sufficiency of a complaint generally must accept all properly pleaded allegations as true, *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), a court may require greater specificity when the allegations appear particularly unlikely. *McGowan v. Hulick*, 612 F.3d 636, 641-42 (7th Cir. 2010) (refusing to accept as true allegation that dentist used ice pick on prisoner because "[t]here is nothing in the complaint supporting the highly unlikely possibility that the set of tools available to the prison dentists . . . included a common ice pick"). *See also McCauley v. City of Chicago*, 671 F.3d 611, 618-19 (7th Cir. 2011) (more specific facts required when claim is "more complicated and counterintuitive"); *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) ("[T]he height of the pleading requirement is relative to circumstances. . . . This case . . . may be paranoid pro se litigation, . . . and before defendants in such a case become entangled in discovery proceedings, the plaintiff must meet

2

a high standard of plausibility."); *Riley v. Vilsack*, 665 F. Supp. 2d 994, 1003–04 (W.D. Wis. 2009) ("[T]he plausibility standard has its most force when special concerns exist about the burden of litigation on the defendant or when the theory of the plaintiff seems particularly unlikely.").

In this case, West provides no context for his conclusory allegation that a prison dentist gave him a drug that infected him with HIV, even though that allegation borders on the fantastic. *Dallas v. Gamble*, 2 F. App'x 563, 564 (7th Cir. 2001) (rejecting as "deluded or paranoid" plaintiff's allegation that prison staff were intentionally poisoning him); *Lee v. Clinton*, 209 F.3d 1025, 1025 (7th Cir. 2000) (rejecting allegation that United States and China "conspir[ed] to bio-chemically and bio-technologically infect and invade" plaintiff "with a mind reading and mental torture device") (internal quotations omitted). Before West may proceed on his claim, he will have to file an amended complaint showing that his allegations are more than just speculation or paranoia.

First, West should explain why he believes he is infected with HIV. He does not say that he has received a medical diagnosis or even that he has been tested for the disease. Second, West should explain why he believes that staff at the Oxford prison caused him to become infected with the disease. West does *not* allege that he became infected because of a blood transfusion or because he was exposed to someone else's contaminated bodily fluids. Rather, he says that a drug he received caused the infection, but that seems highly implausible. West does not identify the drug he received and he does not explain how that drug could cause an HIV infection. West cannot explain what he does not know, but he must provide some support for his belief that federal prison employees caused the disease.

Before closing, I note a discrepancy in West's complaint. The United States is the only defendant listed in the caption, accurately reflecting that the government is the only proper defendant in a case under the FTCA. 28 U.S.C. § 2679(b)(1); *Jackson v. Kotter*, 541 F.3d 688 (7th Cir. 2008). However, in the body of his complaint, West identifies Gregory Baker, the prison dentist, as one of the defendants. Because Baker was not listed in the caption and he cannot be sued under the FTCA, I have disregarded any reference to Baker as a defendant.

ORDER

IT IS ORDERED that plaintiff Edward West's complaint is DISMISSED. West may have until March 1, 2017, to file an amended complaint that fixes the problems discussed in this order. If West does not respond by the deadline, the court will direct the clerk of court to enter judgment in favor of the United States and assess a "strike" in accordance with 28 U.S.C. § 1915(g).

Entered February 8, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge