IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EDWARD WEST,

          Plaintiff,

v.                                           OPINION and ORDER

UNITED STATES OF AMERICA,                 16-cv-785-bbc

          Defendant.

---

    Pro se plaintiff and prisoner Edward West is proceeding on claims under the Federal Tort Claims Act that staff at the Federal Correctional Institution in Oxford, Wisconsin acted negligently by exposing plaintiff to HIV and then injecting him with an unknown drug. The government has filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), dkt. #16, which is ready for review. In its motion, the government contends that plaintiff's claim under the FTCA is preempted by the Inmate Accident Compensation Act, 18 U.S.C. § 4126(c)(4). I agree and will grant the motion to dismiss. However, rather than dismiss the case with prejudice as requested by the government, I will allow plaintiff to refile the action under the Inmate Accident Compensation Act in that event that he completes the administrative process for seeking relief under that law.

OPINION

    The Inmate Accident Compensation Act provides compensation for inmates injured "in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4). In United

1

States v. Demko, 385 U.S. 149 (1966), the court held that the Act is the exclusive remedy for federal prisoners injured while working.  In Rivera v. United States Dept. of Justice Federal Bureau of Prisons, No. 13-cv-056-wmc, 2013 WL 12202944, at *2 (W.D. Wis. Dec. 18, 2013), Judge William Conley followed decisions from other courts that extended Demko's holding to claims "for medical treatment for a work-related injury that is inadequate or aggravates the injury."  Id. at *2 (citing Vander v. United States Dept. of Justice, 268 F.3d 661, 663-64 (9th Cir. 2001), and Wooten v. United States, 825 F.2d 1039, 1044 (6th Cir. 1987)).  The Court of Appeals for the Seventh Circuit affirmed that decision, concluding that the district court "rightly dismissed" the prisoner's claim under the Federal Tort Claims Act that medical staff failed to provide adequate treatment for an injury the prisoner sustained while working in the prison bakery.  Rivera v. Gupta, 836 F.3d 839, 840 (7th Cir. 2016).  Accordingly, the holding in Rivera is binding on this court.

In this case, plaintiff alleges that he was exposed to HIV by handling contaminated needles while working as a dental assistant at the prison and that a dentist harmed him further by treating his HIV with an "experimental drug."  Because the first claim is about a work-related injury and the second claim is about medical treatment provided for the injury, plaintiff's two claims under the Federal Tort Claims Act are barred under Demko and Rivera.

The Court of Appeals for the Seventh Circuit has held that Demko does not apply to constitutional claims, Bagola v. Kindt, 131 F.3d 632, 642 n.15 (7th Cir. 1997), but plaintiff has not raised any claims under the Constitution.  Rather, he is proceeding on claims under the Federal Tort Claims Act, just like the prisoners in Demko and Rivera.

Plaintiff does not deny that his claims are covered by the Inmate Accident Compensation Act. Instead, he argues that his claims should not be dismissed because they have merit. That is irrelevant. The Act applies to *any* work-related prisoner injury, regardless of the merit of a particular claim. In other words, a conclusion that a claim is covered by the Act is not a conclusion that the plaintiff has failed to state a claim upon which relief may be granted or that he cannot prove his claim. Rather, it is simply a conclusion that the prisoner must seek relief under the Inmate Accident Compensation Act rather than under the Federal Tort Claims Act.

This leads to the next question, which is whether a claim under Inmate Accident Compensation Act should be substituted for a claim under the Federal Tort Claims Act. Neither party discusses this question, but my own review of the relevant law supports a conclusion that dismissal without prejudice rather than substitution (or dismissal with prejudice) is the appropriate action.

Under the regulations implementing the Inmate Accident Compensation Act, a prisoner begins the remedy process by filing an administrative claim when he is close to being released from prison. 28 C.F.R. § 301.303(a) ("No more than 45 days prior to the date of an inmate's release, but no less than 15 days prior to this date, each inmate who feels that a residual physical impairment exists as a result of a . . . work-related injury shall submit a FPI Form 43, Inmate Claim for Compensation on Account of Work Injury."); Betz v. Greenville Correctional Institution, No. 14-CV-104-MJR, 2014 WL 812403, at *1–2 (S.D. Ill. Mar. 3, 2014) (relying on § 301.303(a) to dismiss claim under Inmate Accident

3

Compensation Act as premature). Plaintiff does not allege that he is near release or that he has submitted the grievance identified in § 301.303, so it appears that any claim under the Act is premature.

A prisoner may be able to bring a claim under the Act sooner if he is seeking lost wages for time that he is unable to work. 28 C.F.R. §§ 301.201 through 301.205 (discussing separate process for obtaining lost wages). However, plaintiff has not alleged either that any injuries he sustained prevented him from working or that, if they did, he followed the administrative process for obtaining lost wages.

Accordingly, I conclude that plaintiff's case should be dismissed without prejudice so that plaintiff may raise a claim under the Inmate Accident Compensation Act at the appropriate time, if he is unable to obtain relief administratively. Although the government asks for dismissal with prejudice, it does not explain why it believes that plaintiff should be barred from bring a claim under the Act in the future and I see no reason to prohibit plaintiff from doing so.

ORDER

IT IS ORDERED that defendant United States of America's motion to dismiss, dkt. #16, is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE to plaintiff Edward West's refiling it under the Inmate Accident Compensation Act after he completes the administrative process required under the Act. The clerk of court is directed to enter

judgment accordingly.

Entered this 24th day of July, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge